IN THE SUPERIOR COURT



**FILED**

August 12, 2020

TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| ADARYLL S. GUMBS,<br><br>PETITIONER,<br><br>V.<br><br>WYNNIE TESTAMARK, DIRECTOR OF BUREAU OF CORRECTIONS,<br><br>RESPONDENT. | ST-20-MC-013<br><br>Cite as: 2020 VI Super 067 |

**Appearances:**

Adaryll S. Gumbs
*Pro se*

## OPINION and ORDER

**WILLOCKS, Presiding Judge**

¶1 **THIS MATTER** is before the Court on the Petition for Writ of Mandamus (hereinafter "Petition") of Adaryll S. Gumbs, filed March 16, 2020. As an initial matter, the Court notes that the certificate of service attached to the Petition indicates that the document was served on the Superior Court of the Virgin Islands in St. Thomas, when in fact it should have been served on the Respondent.

## BACKGROUND

¶2 The premise of the Petition is that the Virgin Islands Bureau of Corrections (hereinafter "BOC") has refused to comply with Title 5, Section 4571(b) which requires that persons convicted for more than one year receive a reduction in their sentence when they meet certain requirements such as completing rehabilitation programs or obtaining their GED or higher education degree while incarcerated. 5 V.I.C. § 4571(b). The Petitioner states that since incarceration he has completed his GED and several workshops which qualify for sentence reduction. (Pet. 3. *See* Exhibits to Pet.) The Petitioner asked the warden of the facility where he is incarcerated to notify the BOC and to request the appropriate sentence reduction. (Pet. at 4.) BOC allegedly informed the Petitioner that the sentence

reduction statute does not apply to him because he was sentenced prior to its effective date--July 30, 2015--and that it would not give any time adjustments to the Petitioner. (*Id.*) The Petitioner's argument is that a failure to apply the law to people convicted prior to its effective date violates the U.S. Constitution and would work an injustice to those previously incarcerated. (Pet. at 5.)

## STANDARD OF REVIEW

¶3  This Court has jurisdiction over this matter pursuant to Title 5, Section 1361 of the Virgin Islands Code. The Court may "issue a mandatory order to any inferior court, corporation, board, officer, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." 5 V.I.C. § 1361(a). "The order shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law." *Id.*

## DISCUSSION

¶4  In 1995 the Territorial Court addressed an issue of first impression relating to the Territory's "good time credit" law. *See Guadalupe v. Ballentine*, 32 V.I. 55 (Terr. Ct. 1995). According to Title 5 Virgin Islands Code Section 4571(a), "[e]ach prisoner confined in a prison or jail in the Virgin Islands for a definite term other than for life" is eligible for a sentence reduction of six days for each month of time served during which the prisoner has faithfully observed all the rules and has not been subjected to punishment...." 5 V.I.C. § 4571(a). The Territorial Court considered the question of whether credit for good behavior should be applied to the total sentence, including that portion which has been suspended. *Guadalupe*, 32 V.I. at 57.

¶5  While a separate issue from the one presented in this case, the Territorial Court found that "[t]he clear intent of the legislature in enacting V.I. Code Ann. tit. 5, section 4571 was to encourage good behavior among the entire prison population." *Id.* at 62. The decision was based on the statutory construction rule "that the intent of the legislature should be deemed to be the law." *Id.* at 59. In that instance, the Territorial Court was able to study a historical note that indicated Section 4571 was

drafted to match the language of the corresponding federal good time statute, which had already been interpreted as an encouragement of good behavior for all inmates. *Id.* Further, the Territorial Court found that "[t]he statutory interpretation which best gives effect to that purpose is that which allows all prisoners to earn time off their sentences through good behavior." *Id.* at 62.

¶6     This case, the question before the Court is not how credit is applied, but to whom. Subpart (b) of Section 4571 states: "A person convicted and sentenced to confinement for more than one year shall receive a reduction of sentence as follows," and lists the circumstances under which credit is earned. 5 V.I.C. § 4571(b). There is no historical note to review, but the legislature passed the law by veto override which indicates the legislature's strong desire to incentivize inmates to pursue education and beneficial rehabilitation programs. 2015 V.I. ALS 7742; 2015 V.I. Sess. Laws 7741. Furthermore, the federal good time statute, upon which Section 4571(a) was based in the 1940s does not correspond to Section 4571(b). Though federal inmates can earn credit for completing certain programs under the First Step Act, that law was enacted in 2018, after Section 4571(b), and it is not an appropriate vehicle to define this case. *See* First Step Act of 2018, Pub. L. 115-391 (Dec. 21, 2018).

¶7     Regardless, there is no indication that the Virgin Islands Legislature's intent in enacting subpart (b) of Section 4571 is any different than when it enacted subpart (a). That the legislature passed subpart (b) as an amendment instead of a separate law indicates that the two subparts are linked by purpose. The text of subpart (b) also unambiguously states that it applies to "a person convicted and sentenced for more than one year." The plain meaning interpretation of that mandate is that the law applies to *all* inmates who fall into that classification.[1] This is the only  interpretation of the statute which gives full obedience to legislative intent. The Court therefore finds that Section 4571(b) applies to all prisoners in the Virgin Islands (or in the custody of the Virgin Islands BOC while housed in a stateside facility)

---

[1] *See* footnote 2.

who have been sentenced to confinement for more than one year regardless of when they were convicted and sentenced.[2] In that regard, it is apparent that the Petitioner is correct.

¶8      However, it is the Court's belief the Petitioner was convicted and sentenced prior to 2000 in the District Court of the Virgin Islands and placed in the custody of the Federal Bureau of Prisons. Thus, before the Court can issue or deny the writ of mandamus other questions must be answered including whether the Petitioner's educational credits were earned while in the custody of BOC or the Federal Bureau of Prisons. A person does not qualify for credit against their sentence unless they are serving their time in a Virgin Islands prison or jail. *Graham v. Lanfong*, 25 F.3d 203, 30 V.I. 404 (3d. Cir. V.I. 1994). Until this information is known, the Petitioner does not have a clear right to relief and the writ cannot issue. Also, it appears that the Respondent was not properly served in this matter as required by mandamus procedure. As a result, there may be additional issues of concern to the REspondent that need to be addressed but which the Court has overlooked. In the interest of judicial economy, the Court will order the Petition and this Order served upon both parties and will order the Respondent to file a response.

## CONCLUSION

¶9      In sum, inmates sentenced within the Virgin Islands for a period more than one year are eligible for sentence reduction under Title 5, Section 4571(b), regardless of whether they were sentenced prior to 2015 because it is the intent of the Virgin Islands Legislature that the statute incentivize education and rehabilitation of inmates. However, there are unresolved matters in this case and the Respondent was not properly served with the Petition. Therefore, the Court must give the Respondent the opportunity to respond and address the remaining issues. Accordingly, it is hereby:

---

[2] In Section 4571(a), the statute specifically states that those sentenced to life imprisonment cannot expect to receive good time credit. The issue of whether Section 4571(b) gives credit to those serving life sentences is not reached here.

**ORDERED** that the **CLERK OF THE COURT** serve the Petition for Writ of Mandamus and this Order on the Respondent through the Attorney General's Office. It is further

**ORDERED** that the Respondent file and serve its response to the Petition by **SEPTEMBER 11, 2020**. When the Petitioner receives a copy of the response, he may file a reply within **TWENTY-ONE (21) DAYS** of receipt.

**DONE and so ORDERED this** _____ **day of AUGUST 2020.**

**ATTEST:**
Tamara Charles
Clerk of the Court

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

By: _____
Court Clerk Supervisor

Dated: ___8/11/2020___

**SERVICE LIST**

| Denise N. George, Esq., Attorney General | Adaryll S. Gumbs, Petitioner |
|---|---|
| 34-38 Kronprindsens Gade | Citrus County Detention Facility |
| GERS Building, 2nd Floor | 2604 W. Woodland Ridge Dr. |
| St. Thomas, USVI 00802 | Lecanto, FL 34461 |
